UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENCAIRN IP HOLDINGS LTD., and GLENCAIRN CRYSTAL STUDIO LTD., <br><br> Plaintiffs, <br><br> v. <br><br> BED BATH & BEYOND INC., <br><br> Defendant. | Civil Action No. 1:22-cv-00107 <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Glencairn IP Holdings Ltd. and Glencairn Crystal Studio Ltd. (collectively, "Glencairn"), by their attorneys, for their complaint against Defendant Bed Bath & Beyond Inc. ("Bed Bath"), allege as follows:

## INTRODUCTION

1. Glencairn introduced the iconic GLENCAIRN® Glass, depicted below and often referred to as the "Official Whisky Glass," in 2001. Glencairn intended to fill a void in the whisky tasting and drinking glass markets, the lack of a dedicated whisky glass, with the GLENCAIRN® Glass. The registered trade dress of the GLENCAIRN® Glass has come to be associated with first-rate quality glass, glass crafting, and whisky tasting.



2. Defendant Bed Bath is manufacturing and offering for sale a whiskey glass, depicted below, that imitates the GLENCAIRN® Glass and infringes on and misappropriates Glencairn's trademark rights in the iconic GLENCAIRN® Glass.



3. Bed Bath's packaging and advertising (reproduced below) for the Our Table™ Whiskey Glasses (Set of 2) (the "Our Table Glass") also uses an image of a whiskey glass that is identical to the GLENCAIRN® Glass.



4. Bed Bath is blatantly trading off of the goodwill associated with Glencairn's trade dress and the GLENCAIRN® Glass by offering for sale Bed Bath's infringing imitation of the GLENCAIRN® Glass in a manner that is likely to cause consumer confusion and deceive the public regarding the source, sponsorship, or affiliation of the infringing glass.

5. Glencairn seeks to stop Bed Bath's misconduct and to prevent Bed Bath from engaging in any further misconduct. This is an action at law and in equity for damages and injunctive relief based on Federal Trade Dress Infringement, Federal Unfair Competition, State Trade Dress Dilution, Common Law Trade Dress Infringement, and Common Law Misappropriation. Among other relief, Glencairn asks this Court to: (i) preliminarily and permanently enjoin Bed Bath from manufacturing, selling, or offering for sale the infringing imitation glass; (ii) award Glencairn monetary damages; (iii) require Bed Bath to disgorge all of its profits from its sales of the infringing glass; and (iv) award Glencairn exemplary damages, attorneys' fees, and costs.

## THE PARTIES

6. Glencairn IP Holdings Limited is a foreign private limited company organized and existing under the laws of the United Kingdom, having its office and principal place of business at 1-11 Langlands Avenue, East Kilbride, Scotland, G75 0YG.

7. Glencairn Crystal Studio Limited is a foreign private limited company organized and existing under the laws of the United Kingdom, having its office and principal place of business at 1-11 Langlands Avenue, East Kilbride, Scotland, G75 0YG.

8. Bed Bath is an American corporation organized and existing under the laws of New York. On information and belief, its principal place of business is 650 Liberty Avenue, Union, New Jersey.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Glencairn's claims under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

10. This Court has personal jurisdiction over Bed Bath because Bed Bath is incorporated in the State of New York.

11. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Bed Bath resides in this judicial district and under 28 U.S.C. § 1391(b)(2) because the product giving rise to Glencairn's causes of action has been sold and distributed within and from the Southern District of New York.

## FACTUAL ALLEGATIONS

**A.  Glencairn's Trademark Rights**

12. The GLENCAIRN® Glass is an iconic glass introduced to the market in 2001.

13. Glencairn IP Holdings Ltd. is the owner of trademark rights in the distinctive trade dress of the GLENCAIRN® Glass (the "GLENCAIRN® Trade Dress"), including United States Registration No. 5,024,360 (the "'360 Registration"), issued by the United States Patent and Trademark Office on August 23, 2016, for the GLENCAIRN® Trade Dress, as depicted below, for "Beverage glassware, namely, whisky glasses."



Glencairn Crystal Studio Limited is the exclusive licensee of those trademark rights. A copy of the Certificate of Registration for the '360 Registration is attached as **Exhibit 1**.

14. Glencairn has distributed and sold the GLENCAIRN® Glass, which features the GLENCAIRN® Trade Dress, since as early as 2001 and in commerce in the United States since at least September 1, 2004. As a result of Glencairn's substantially exclusive and continuous use of the GLENCAIRN® Trade Dress and Glencairn's marketing and advertising efforts, Glencairn has acquired goodwill in connection with the GLENCAIRN® Glass, and the GLENCAIRN® Trade Dress has acquired distinctiveness. The GLENCAIRN® Trade Dress is nonfunctional, and the public recognizes and understands that the GLENCAIRN® Trade Dress distinguishes and identifies the GLENCAIRN® Glass from other products.

15. The glass in which liquor is served plays a significant role in building the cultural and social experience associated with that liquor. Whisky, especially single malt scotch whisky, did not have its own dedicated glass for centuries. Whisky master blenders used a copita glass for nosing and tasting whisky, but this glass was also used for nosing other liquors as well. In fact, the copita glass was also called a "dock glass" because it was used by buyers to nose and taste wine and spirit shipments at the dock before they accepted the shipment.

16. More than thirty years ago, Glencairn founder Raymond Davidson recognized the opportunity to introduce a distinctive glass that would be associated with drinking whisky. Mr. Davidson took great care in designing his glass to meet the needs of whisky drinking, including the tapered mouth for nosing, while also having a design that was distinctive and attractive to consumers. The result was the GLENCAIRN® Glass—a glass like no other before it.

17. In 2001, Glencairn launched the GLENCAIRN® Glass into the market with a 1,500-unit production that was released at the Whisky Live event in London. With this launch the GLENCAIRN® Glass was born to the world.

18. Glencairn invested heavily in marketing the distinctive and innovative design of the GLENCAIRN® Glass. Glencairn supplied GLENCAIRN® Glasses to whisky events and tastings across the globe, including in cities such as New York City, San Francisco, Chicago, Los Angeles, Boston, Louisville, Portland, and Seattle. Many of these events have thousands of attendees each year and use the GLENCAIRN® Glass exclusively. Glencairn also has supplied the GLENCAIRN® Glass to distilleries in the United States that are well known and highly regarded for whisky production, including, for instance, Brown Forman, Jim Beam, and Tuthilltown. These distilleries hold mini shows and regular tastings of varying sizes using the GLENCAIRN® Glass.

19. Glencairn has secured industry exposure for the GLENCAIRN® Glass through publications as well. For example, the GLENCAIRN® Glass has appeared in *Whisky Magazine* on several occasions and was featured in *Malt Advocate* magazine in 2002. The GLENCAIRN® Glass was also advertised for sale in Playboy Magazine in the United States and appeared in the Whiskies of the World official event program in San Francisco in 2003.

20. The GLENCAIRN® Glass has won several awards and accolades, including The Queen's Award for Enterprise: Innovation in 2006; The Queen's Award for Enterprise: International Trade in 2012; the Scottish Marketing Award for Innovation in 2008; the National Business Award for Innovation and Marketing Excellence Award for Best Marketing Strategy; and the 17th Annual *Malt Advocate* Whisky Awards "Industry Leader of the Year."

21. The money and effort Glencairn has spent marketing the GLENCAIRN® Glass has returned financial success as well. Since launching the GLENCAIRN® Glass with the 1,500-unit production in 2001, Glencairn's sales of the GLENCAIRN® Glass have reached more than 20 million glasses globally, with annual sales to the United States of approximately one million glasses.

**B.     Bed Bath's Wrongful and Infringing Conduct**

22.     Bed Bath manufactures, advertises, sells, and otherwise uses in commerce the Our Table Glass. The Our Table Glass is a copy and colorable imitation of the GLENCAIRN® Glass—and the GLENCAIRN® Trade Dress—and is causing consumer confusion as to the nature and source or origin of the Our Table Glass. A side-by-side comparison of the infringing Our Table Glass, the GLENCAIRN® Glass, and the drawing of the GLENCAIRN® Trade Dress from the '360 Registration is included below.



23.     Bed Bath was familiar with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress when Bed Bath created, manufactured, and began advertising and selling the infringing Our Table Glass. Indeed, Bed Bath sells genuine GLENCAIRN® Glasses on its website and in

7

stores. Copies of the product listings for GLENCAIRN® Glasses sold through Bed Bath's website are attached as **Exhibit 2**. The genuine GLENCAIRN® Glass is a "Top Rated" product.

24. Bed Bath intended to create a knock-off of the GLENCAIRN® Glass when creating the Our Table Glass, and even investigated Glencairn's intellectual property rights in the GLENCAIRN® Glass before manufacturing the infringing glasses. Nevertheless, Bed Bath directed its manufacturer to produce an exact copy of the GLENCAIRN® Glass to be sold under Bed Bath's own brand as the Our Table Glass.

25. Bed Bath knowingly exploited the commercial success and global recognition of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress to Bed Bath's commercial advantage in selling the Our Table Glass, even explicitly identifying it to consumers as a "Glencairn" glass. Indeed, until Glencairn complained, Bed Bath identified the Our Table Glass by referring to the GLENCAIRN® trademark in the product title on the URL through which customers accessed the product listing: https://www.bedbathandbeyond.com/store/product/our-table-trade-glencairn-whiskey-glasses-set-of-2/5599344. A screenshot of the product listing showing this URL is attached as **Exhibit 3**.

26. Bed Bath knowingly and willfully copied the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and misappropriated Glencairn's investment, goodwill, and market share by selling the infringing Our Table Glass to would-be consumers of the GLENCAIRN® Glass.

27. The infringing Our Table Glass competes with the GLENCAIRN® Glass and is sold through overlapping channels of trade, including through online marketplaces. Bed Bath has sold genuine GLENCAIRN® Glasses along with the infringing Our Table Glass and has offered the Our Table Glass at a lower price to undercut sales of the GLENCAIRN® Glass.

28.     Bed Bath's use of a confusingly similar imitation of the GLENCAIRN® Trade Dress is likely to deceive, confuse, and mislead actual and prospective purchasers before, during, and after purchase into believing that the whisky glass sold by Bed Bath is manufactured or authorized by, or in some manner associated with Glencairn.  The Our Table Glass is not manufactured by Glencairn, and neither Bed Bath nor the Our Table Glass is associated, affiliated, or connected with Glencairn, or licensed, authorized, sponsored, endorsed, or approved by Glencairn in any way.

29.     This deception, confusion, and misleading conduct is particularly damaging if consumers who perceive a defect or lack of quality in the Our Table Glass.

30.     Bed Bath has manufactured, advertised, sold, and otherwise used in commerce its confusingly similar imitation of the GLENCAIRN® Trade Dress in connection with the sale of a product that directly competes with the GLENCAIRN® Glass.  Bed Bath began selling its imitation after Glencairn had established protectable rights in the GLENCAIRN® Trade Dress.

31.     Glencairn has lost market share and sales due to Bed Bath's activities and misconduct.  Such conduct also has caused and is causing irreparable harm to the goodwill symbolized by the GLENCAIRN® Trade Dress and the reputation for quality that the GLENCAIRN® Trade Dress embodies.

32.     Bed Bath's activities and misconduct have been knowing, intentional, and willful. Bed Bath sells genuine GLENCAIRN® Glasses alongside the cheaper Our Table Glass.  Bed Bath initially advertised the Our Table Glass by referring to the GLENCAIRN® trademark in the product title.  On October 11, 2021, Glencairn, through a representative, contacted Bed Bath regarding the infringing glasses.  Although Bed Bath thereafter removed the name "Glencairn" from the product listing for the Our Table Glass, Bed Bath continued to sell the infringing Our

Table Glass. On December 16, 2021, Bed Bath finally informed Glencairn that Bed Bath had removed the product listing from its website, but the infringing Our Table Glass remained available for purchase in Bed Bath's stores. On January 5, 2022, Bed Bath stated that it had finally instructed its stores to remove the infringing Our Table Glass from sales floors and discontinue sales. Bed Bath made no commitment that it would not try to sell the Our Table Glass again in the future, or that existing infringing glasses would be destroyed. Bed Bath has sold, and ordered from the manufacturer to import and sell, thousands of the infringing Our Table Glasses, from which Bed Bath stands to earn hundreds of thousands of dollars. Bed Bath has thus acted, and plans to continue acting, in bad faith, with malicious intent, and in knowing disregard of Glencairn's rights.

## FIRST CLAIM FOR RELIEF

### (Federal Trade Dress Infringement – Lanham Act § 32, 15 U.S.C. § 1114)

33. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 32 above.

34. Glencairn owns United States Trademark Registration Number 5,024,360 for the GLENCAIRN® Trade Dress. Glencairn has used the GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004.

35. Bed Bath's unauthorized use of a confusingly similar imitation of the GLENCAIRN® Trade Dress is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Our Table Glass is manufactured or distributed by Glencairn, is associated or connected with Glencairn, or has the sponsorship, endorsement, or approval of Glencairn.

36. The aforesaid conduct constitutes trade dress infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

37. Bed Bath's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Trade Dress.

38. Bed Bath's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

39. Under 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Bed Bath's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. Furthermore, Bed Bath's willful infringement of the GLENCAIRN® Trade Dress without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

**SECOND CLAIM FOR RELIEF**

**(Federal Unfair Competition – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

40. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 39 above.

41. Glencairn has used the GLENCAIRN® Glass and GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004. The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Glass and GLENCAIRN® Trade Dress as a designation of source.

42. Through the use of a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress, Bed Bath has knowingly and intentionally misrepresented and falsely designated to the general public the origin, sponsorship, and approval of the Our Table

Glass and the affiliation, connection, and association of Bed Bath with Glencairn, so as to create a likelihood of confusion among the public as to the origin, sponsorship, and approval of the Our Table Glass and the affiliation, connection, and association of Bed Bath with Glencairn.

43. The aforesaid conduct constitutes false endorsement, false designation of origin, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

44. Bed Bath's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

45. Bed Bath's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

46. Under 15 U.S.C. § 1117(a), Glencairn is also entitled to recover (i) Bed Bath's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. Furthermore, Bed Bath's willful infringement of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress without excuse or justification renders this an exceptional case and entitles Glencairn to its reasonable attorney fees.

## THIRD CLAIM FOR RELIEF

**(State Trade Dress Dilution – New York General Business Law § 360-*l*)**

47. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 46 above.

48. Glencairn owns United States Trademark Registration Number 5,024,360 for the GLENCAIRN® Trade Dress and has used the GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004. The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Trade Dress as a designation of source.

49. Bed Bath's unauthorized use of a substantially similar imitation of the GLENCAIRN® Trade Dress is likely to erode the public's exclusive identification of the distinctive GLENCAIRN® Trade Dress with Glencairn and otherwise lessen the capacity of the GLENCAIRN® Trade Dress to identify and distinguish Glencairn's goods and services.

50. Bed Bath's unauthorized use of a substantially similar imitation of the GLENCAIRN® Trade Dress for the inferior Our Table Glass also is likely to tarnish and degrade consumers' positive quality associations with the GLENCAIRN® Trade Dress.

51. The aforesaid conduct constitutes trade dress dilution in violation of Section 360-*l* of the New York General Business Law.

52. Bed Bath's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Trade Dress.

53. Bed Bath's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

**FOURTH CLAIM FOR RELIEF**

**(Common Law Trade Dress Infringement)**

54. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 53 above.

55. Glencairn has used the GLENCAIRN® Glass and GLENCAIRN® Trade Dress in commerce in the United States since at least September 1, 2004. The relevant consuming market of the United States widely recognizes the distinctive GLENCAIRN® Glass and GLENCAIRN® Trade Dress as a designation of source.

56. Bed Bath's unauthorized use of a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress is likely to cause confusion, mistake, and deception by creating the false and misleading impression that the Our Table Glass is manufactured or distributed by Glencairn, is associated or connected with Glencairn, or has the sponsorship, endorsement, or approval of Glencairn.

57. The aforesaid conduct constitutes trade dress infringement under New York common law.

58. Bed Bath's conduct demonstrates a willful violation of Glencairn's rights and an intent to trade on the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

59. Bed Bath's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

60. Glencairn is also entitled to recover, at a minimum, (i) Bed Bath's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. In light of Bed Bath's

willful infringement of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress without excuse or justification, Glencairn is additionally entitled to punitive damages.

## FIFTH CLAIM FOR RELIEF

### (Common Law Misappropriation)

61. Glencairn repeats and incorporates by reference the allegations set forth in paragraphs 1 through 60 above.

62. Glencairn has invested substantial time, money, effort, and skill to develop the high-quality product that is the GLENCAIRN® Glass. Glencairn has also invested substantial time, money, effort, and skill to generate recognition of the GLENCAIRN® Glass among the consuming public. Through those efforts, Glencairn has built up valuable goodwill in the GLENCAIRN® Glass and GLENCAIRN® Trade Dress.

63. By producing and selling a confusingly similar imitation of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress, Bed Bath has intentionally misappropriated the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress for Bed Bath's advantage.

64. The aforesaid conduct constitutes unfair competition under New York common law.

65. Bed Bath's conduct has caused and, unless enjoined by this court, will continue to cause Glencairn irreparable injury. This injury includes a reduction in the distinctiveness of the GLENCAIRN® Glass and GLENCAIRN® Trade Dress and injury to Glencairn's reputation that cannot be remedied through damages. Glencairn has no adequate remedy at law and is therefore entitled to injunctive relief.

66. Glencairn is also entitled to recover, at a minimum, (i) Bed Bath's profits, (ii) Glencairn's ascertainable damages, and (iii) Glencairn's costs of suit. In light of Bed Bath's willful misappropriation of the goodwill associated with the GLENCAIRN® Glass and GLENCAIRN® Trade Dress without excuse or justification, Glencairn is additionally entitled to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Glencairn respectfully requests that this Court:

a) Preliminarily and permanently enjoin Bed Bath, its agents, servants, officers, directors, employees, representatives, successors, and assigns, and all others acting in concert or participation with Bed Bath, from manufacturing, selling, or offering for sale the Our Table Glass or any colorable imitation or variation that is confusingly or substantially similar to the GLENCAIRN® Glass and GLENCAIRN® Trade Dress;

b) Award Glencairn its ascertainable damages, costs, and attorney fees;

c) Award Glencairn Bed Bath's profits attributable to the Our Table Glass;

d) Award Glencairn punitive damages to the extent permitted by law;

e) Award prejudgment interest on damages;

f) Order that Bed Bath be required to deliver up for destruction all merchandise, products, stationery, business forms, packaging, labels, signs, advertisements, brochures, promotional materials and other printed materials which bear the infringing GLENCAIRN® Trade Dress; and

g) Grant such other and further relief to Glencairn as the Court deems just and appropriate under the circumstances.

**DEMAND FOR JURY TRIAL**

Glencairn demands a jury trial on all issues so triable.

Dated: January 5, 2022

O'MELVENY & MYERS LLP

By: */s/ Abby F. Rudzin*
Abby F. Rudzin
arudzin@omm.com
Kayla N. Haran
kharan@omm.com
Seven Times Square
New York, NY 10036
T: (212) 326-2000
F: (212) 326-2061

*Counsel for Plaintiffs Glencairn IP Holdings Ltd. and Glencairn Crystal Studio Ltd.*